Eastern District of Kentucky
FILED

JUN 1 3 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-429-KSF

STEPHEN WATERFILL, ET AL.,            PLAINTIFFS

V.            **MEMORANDUM ORDER**

NATIONAL MOLDING CORPORATION,            DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the court on defendant's motion to compel the plaintiffs to respond to discovery requests that were served on them on November 9, 2004. [DE #11].

Plaintiffs have not responded to the foregoing motion, and the time for responding thereto has not expired.

It appears that defendant's motion to compel discovery is procedurally deficient in that prior to filing said motion to compel, defendant's counsel failed to comply with Local Rule 37.1 and with numerical paragraph 13 of the district court's Scheduling Order entered on January 26, 2005. [DE #10].

Local Rule 37.1 provides as follows:

**Motions Relating to Discovery**

Prior to filing a discovery motion, all counsel must make a good faith effort to resolve extrajudicially any dispute relating to discovery. The Court will not entertain discovery motions unless counsel have conferred -- or attempted to confer -- with other affected parties in an effort to resolve their dispute. The moving party must attach to every discovery motion a certification that counsel have conferred and are unable to resolve their differences. The certification must detail counsel's attempts to resolve the dispute.

Joint Local Rules for the United States District Courts for the Eastern and Western Districts of Kentucky, p. 12.

Defendant's motion is unaccompanied by the required certification of counsel that counsel conferred and were unable to resolve their differences concerning the discovery dispute.

Additionally, numerical paragraph 13 of the district court's Scheduling Order entered on January 26, 2005 [DE #10], sets out, *in all capital letters and in bold print*, the following procedure the parties are to follow when a discovery dispute occurs:

> (13) **ALL DISCOVERY DISPUTES ARE REFERRED TO MAGISTRATE JUDGE JAMES B. TODD FOR RESOLUTION, PURSUANT TO TITLE 28, U.S.C., SECTION 636(b)(1)(A). FIRST, THE PARTIES SHALL ATTEMPT TO RESOLVE THE DISPUTE AMONG THEMSELVES.**
>
> **SECOND, IF THE PARTIES ARE UNABLE TO RESOLVE THE DISPUTE, THEY SHALL ATTEMPT TO RESOLVE THE DISPUTE WITH THE MAGISTRATE JUDGE BY TELEPHONE.**
>
> **THIRD, IF AFTER THE TELEPHONE CONFERENCE WITH THE MAGISTRATE JUDGE THE DISPUTE IS NOT RESOLVED, I.E., THE PARTY SEEKING DISCOVERY IS STILL UNSATISFIED WITH THE MAGISTRATE JUDGE'S ORAL OR WRITTEN RULING FROM THE TELEPHONE CONFERENCE, THAT PARTY MAY FILE A WRITTEN MOTION TO COMPEL CONTAINING APPROPRIATE FACTUAL AND LEGAL ARGUMENTS DIRECTED TO THE MAGISTRATE JUDGE. LIKEWISE, IF AFTER THE TELEPHONE CONFERENCE, THE PARTY RESISTING DISCOVERY IS UNSATISFIED WITH THE MAGISTRATE JUDGE'S ORAL OR WRITTEN RULING, THEN THAT PARTY MAY REQUIRE THE OTHER PARTY TO FILE A FORMAL MOTION TO COMPEL CONTAINING APPROPRIATE FACTUAL AND LEGAL ARGUMENTS DIRECTED TO THE MAGISTRATE JUDGE. THE TIME PERIOD FOR FILING THE MOTION TO COMPEL AND THE RESPONSE AND ANY REPLY SHALL BE SET BY THE MAGISTRATE JUDGE IN HIS DISCRETION.**
>
> **THE FOURTH AND FINAL OPTION FOR A PARTY STILL OBJECTING TO THE MAGISTRATE JUDGE'S RULING SHALL BE TO FILE OBJECTIONS WITH THE COURT WITHIN TEN (10) DAYS OF THE MAGISTRATE JUDGE'S RULING PURSUANT TO FED.R.CIV.P. 72(a). ONLY AFTER ALL THE ABOVE STEPS HAVE BEEN COMPLETED WILL THE COURT ENTERTAIN A MOTION TO REVIEW THE MAGISTRATE JUDGE'S FINAL DECISION TO DETERMINE WHETHER IT IS CLEARLY ERRONEOUS OR CONTRARY TO LAW.**

Scheduling Order, ¶ 13, pp. 4-5 [DE #10].

Prior to the filing of defendant's motion to compel discovery, the Magistrate Judge was not advised by defendant's counsel of the present discovery dispute, and the Magistrate Judge is aware of no telephone call from either defendant's counsel or plaintiffs' counsel requesting the Magistrate Judge to attempt to informally resolve this discovery dispute.

2

Consequently, the Magistrate Judge will not entertain defendant's motion to compel discovery on the merits, due to the failure of defendant's counsel to comply with numerical paragraph 13 of the Scheduling Order and LR 37.1, prior to filing the subject motion to compel discovery.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to compel discovery from the plaintiffs [DE #11] is **DENIED WITHOUT PREJUDICE**.

2. The parties are directed to confer and attempt to resolve this discovery dispute in the absence of court intervention.

3. If after conferring, the discovery dispute is not resolved, defendant's counsel is directed to certify to the court what transpired in the parties' attempt to resolve the discovery dispute.

4. After conferring unsuccessfully, defendant's counsel shall also schedule a telephone conference call with the court so that the court may inquire as to why plaintiffs have not responded to defendant's discovery requests.

5. If, after the telephone conference call, this matter is still not resolved to the satisfaction of both parties, plaintiff may then file a response to defendant's motion to compel.

6. In the future, any discovery dispute shall be handled precisely as outlined in numerical paragraph 13 of the Scheduling Order entered on January 6, 2005.

This 13th day of June, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE